UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KEVIN TAYLOR, ET AL                        CIVIL ACTION NO. 20-cv-0449

VERSUS                                     JUDGE ELIZABETH E. FOOTE

LEON ISAAC RAMBO, ET AL                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Kevin Taylor, Tyrone Davis, and Quentin Hill ("Plaintiffs") filed this civil action in state court for damages arising out of an automobile accident. Plaintiffs named as defendants Leon Rambo ("Rambo"), the driver of the other automobile; HOM Transport, LLC ("HOM"), Amerifield, Inc. ("Amerifield") and Howard Moses, Rambo's employers; and Hudson Insurance Company ("Hudson"), Rambo's insurer. Amerifield removed the case to federal court on the basis of diversity jurisdiction, which puts the burden on it to set forth specific allegations that show complete diversity of citizenship of the parties. The allegations in the notice of removal are sufficient with two exceptions.

**HOM**

The notice of removal alleges that HOM is "a foreign limited liability company, organized under the laws of the State of Georgia, with all of its members being citizens of Georgia." The citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). And "[a] party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member

of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018). Accordingly, Amerifield must file an amended notice of removal that specifically alleges each of the members of HOM and the citizenship of each member.

**Hudson**

The notice of removal alleges that Hudson is "a foreign insurance company incorporated in the State of Delaware, with its principal place of business in New York." The notice does not allege Hudson's type of entity beyond the nonspecific term company. If it is a corporation as it implies, it should say so specifically, and the other allegations regarding its citizenship will be sufficient. If it is an unincorporated entity, its citizenship must be alleged in accordance with the rules outlined above. An amended notice of removal must clarify this point.

**Conclusion**

Amerifield may not have access to information about the members of HOM at this stage of the proceedings, so the court will not yet set a deadline for Amerifield to file an amended notice of removal. Counsel for HOM, when they become involved in the litigation, are encouraged to promptly provide this information to counsel for Amerifield.

Amerifield should then act promptly by filing an amended notice of removal and attempting to shoulder its burden of showing a basis for diversity jurisdiction. The court will not set a trial date or issue a scheduling order until the removing party has met its burden with respect to the jurisdictional issues.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of April, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge